**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **CHAYA JONES,**             )<br>            **Plaintiff,**      )<br>                              )<br>**v.**                        )<br>                              )<br>**KU MEDICAL CENTER, et al.,**)<br>                              )<br>            **Defendants.**   )<br>                              )<br>_____) | **CIVIL ACTION**<br><br>**No. 08-2357-KHV** |

**MEMORANDUM AND ORDER**

On August 1, 2008, Chaya Jones *pro se* filed suit against KU Medical Center, Rainbow Mental Health Center, Wyandotte Mental Health, Naomi Jones, State Court and State Police Officers. On August 8, 2008, the Court denied without prejudice plaintiff's motion to proceed *in forma pauperis*. See Doc. #4. Plaintiff did not renew the motion, pay the filing fee or request the Clerk to issue summons. On April 10, 2009, the Court ordered plaintiff to show cause in writing on or before April 24, 2009, why it should not dismiss her claims with prejudice for lack of prosecution under Fed. R. Civ. P. 41(b). See Order To Show Cause (Doc. #5). Plaintiff has not responded.

Rule 41(b) states as follows:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule — except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 — operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). Although the language of Rule 41(b) appears to require a motion from a party, the Court has inherent authority to sua sponte dismiss a case with prejudice for lack of prosecution. See Link v. Wabash R.R. Co., 370 U.S. 626, 632-33 (1962); Rogers v. Andrus Transp. Servs., 502 F.3d 1147, 1151 (10th Cir. 2007). Before dismissing a case with prejudice, however, the Court must

consider the following factors: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1162 (10th Cir. 2007) (quotations and citations omitted).

As to the first factor, plaintiff has not served defendants so it appears that they have not suffered actual prejudice.

As to the second factor, plaintiff's actions in filing but not prosecuting this case has required the Court to expend limited judicial resources in issuing the order to show cause and this ruling dismissing the case.

As to the third factor, the record contains no information regarding the culpability of plaintiff.

As to the fourth factor, the Court ordered plaintiff to show cause in writing why it should not dismiss the case with prejudice, but did not specifically state that her failure to do so would result in dismissal with prejudice.

As to the fifth factor, the Court is unable to determine on this record the efficacy of lesser sanctions.

Considering these factors and the severity of a dismissal with prejudice, the Court will dismiss plaintiff's claims without prejudice.

**IT IS THEREFORE ORDERED** that plaintiff's claims be and hereby are **dismissed without prejudice**.

Dated this 1st day of May, 2009 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge
